[No. 2343]

IN THE MATTER OF THE APPLICATION OF ROBERT SCHULTZ FOR A WRIT OF HABEAS CORPUS.

[174 Pac. 431]

1. WATERS AND WATERCOURSES—OFFENSES INCIDENT TO SUPPLY AND USE OF WATER.
    The mere opening, breaking into, tapping or connecting with any pipe, flume, ditch, or reservoir does not constitute crime, defined by crimes and punishments act, sec. 468, subd. 1 (Rev. Laws, 6733), the taking or removing therefrom of water belonging to another or allowing the same to be taken being essential element of the crime.

ORIGINAL APPLICATION of Robert Schultz for a writ of habeas corpus. **Petitioner discharged,** released, and restored to liberty.

*H. V. Morehouse,* for Petitioner:

In construing an indictment or criminal complaint, no inference can be allowed. People v. Logan, 1 Nev. 110;

State v. Charley Lung, 21 Nev. 209; State v. On Gee How, 15 Nev. 184; State v. Boyle, 27 Iowa, 492. "The indictment must fully charge the crime. And no intendment can aid a charge where the facts and circumstances alleged do not bring the accused within the prohibition of the law." Ency. Pl. & Pr., vol. 10, 474; State v. Smith, 11 Or. 205; Tyner v. U. S., 23 App. D. C. 324. "The charge must be made directly, and not inferentially or by way of recital." State v. Gallagher, 98 N. W. 378; State v. Ashpole, 104 N. W. 281; People v. Arnold, 9 N. W. 406; Moline v. State, 93 N. W. 228; Hase v. State, 105 N. W. 253; State v. Eddy, 45 Or. 625. "Where the statute creates and defines a crime, an indictment or information which does not allege all the essential elements constituting such offense is insufficient." Lawton v. Territory, 60 Pac. 93.

A criminal complaint before a justice of the peace requires the same particularity and nicety of pleading as an indictment. It "must set forth the offense charged, with such particulars of time, place, person, and property as to enable the defendant to understand distinctly the character of the offense complained of and to answer the complaint." Rev. Laws, 7471, 7472. "The indictment must contain a statement of the acts constituting the offense, in ordinary and concise language, and in a manner to enable a person of common understanding to know what is intended." Rev. Laws, 7050.

The complaint lacks essential elements of the crime charged. These cannot be supplied by intendment or implication. Rev. Laws, 6733; People v. Nelson, 58 Cal. 104; People v. Robles, 49 Pac. 1042; People v. Earl, 124 Pac. 887.

*Geo. B. Thatcher,* Attorney-General, *W. E. Baldy,* District Attorney, and *W. M. Kearney,* for Respondent:

Does the complaint state facts sufficient to constitute a public offense? A public offense is charged therein with sufficient definiteness to warrant this court in refusing to discharge the petitioner on habeas corpus.

An "indictment will not be held insufficient to support a judgment, unless it is so defective that by no construction, within the reasonable limits of the language used, can it be said to charge the offense for which the defendant was convicted." State v. Hughes, 31 Nev. 270; State v. Raymond, 34 Nev. 203; State v. Lovelace, 29 Nev. 43; Ex Parte Breckenridge, 34 Nev. 277.

The complaint being in all respects in conformity with the statute, and the defendant having been found guilty both in the justice court and in the district court, and no objection having been raised by demurrer in either instance, any irregularities that may exist in the complaint should be disregarded by this court in habeas corpus proceedings.

By the Court, McCarran, C. J.:

This is an original proceeding in habeas corpus. Petitioner was arrested on a warrant issued pursuant to criminal complaint filed before the justice of the peace of Carson township. Trial and conviction followed. An appeal was taken to the district court for this district, and a trial de novo and conviction resulted there.

This court is asked to release petitioner on habeas corpus on several alleged grounds, one of which we deem sufficient, namely, that the complaint upon which petitioner was tried and convicted does not state facts sufficient to constitute a public offense. It is as follows:

"Personally appears before me this 14th day of April, A. D. 1917, A. Ambrose, of Ormsby County, Nevada, on oath, makes complaint, and deposes and says: That on or about the 5th day of April, A. D. 1917, in the county of Ormsby, State of Nevada, the crime of misdemeanor was committed, to wit, by Robert Schultz, who then and there did wilfully and unlawfully open, break into, interfere, and tamper with a certain ditch then and there belonging to the Mexican Dam and Ditch Company, a corporation, then and there existing under and by virtue of the laws of the State of Nevada, the said ditch being known as and called the

'Mexican Ditch,' and being in Ormsby County, Nevada; and that the said Robert Schultz did then and there wilfully, unlawfully, and with intent to injure, interfere with, and break into said ditch by lowering certain water boxes and take-outs, and by placing a new water box in the said Mexican ditch and the said ditch being the property of the said Mexican Dam and Ditch Company, and being in Ormsby County, Nevada, all of which is contrary to the form of statute in such cases made and provided," etc.

The complaint in this action was laid under subdivision 1 of section 468 of the crimes and punishments act of this state (Rev. Laws, 6733). The language of the statute is as follows:

"Every person who wilfully, and with intent to injure or defraud, opens, breaks into, taps, or connects with any pipe, flume, ditch, conduit, reservoir, wire, meter, or other apparatus belonging to or used by any water, gas, irrigation, electric, or power company or corporation, or belonging to or used by any other person, persons or association, or by the state, or by any county, city, district or municipality, and takes and removes therefrom or allows to be taken, removed or flow therefrom any water, gas, electricity or power belonging to another; * * * is guilty of a misdemeanor, and, upon conviction thereof, shall be punished by a fine not exceeding five hundred dollars, or by imprisonment in the county jail not to exceed six months, or by both such fine and imprisonment in the discretion of the court. * * *"

The act that is made criminal by subdivision 1 of section 468 of the crimes and punishments statute is the opening, breaking into, tapping, or connecting with any pipe, flume, ditch, conduit or reservior, and the taking and removing therefrom, or allowing to be taken or removed therefrom, any water belonging to another. It is not the mere opening, breaking into, tapping, or connecting with any pipe, flume, ditch, conduit, or reservoir that constitutes the crime sought to be established by the

statute.  The taking or removing of water belonging to another from the pipe, flume, ditch, conduit, or reservoir, or the act of allowing the same to be taken or removed, is the all-essential element which the statute declares to be of the gravamen of the crime.  A crime under this section is not alleged unless the complaint asserts the act of opening or breaking into or tapping or connecting, coupled with the act of taking or removing or allowing to be removed, the specified thing, whether it be water, gas, electricity, or power, belonging to a person other than the party charged.  The complaint here fails to measure up to this test.  It charges that:

"Robert Schultz  *  *  *  did wilfully and unlawfully open, break into, interfere and tamper with a certain ditch,  *  *  *  and that the said Robert Schultz did then and there wilfully, unlawfully, and with intent to injure, interfere with and break into said ditch by lowering certain water boxes and take-outs, and by placing a new water box in the said Mexican ditch."

Nowhere does the complaint, either directly or inferentially, allege the taking or removing of water belonging to another.  Nowhere does it allege the act of allowing the water of another to be taken, removed, or to flow from the ditch.  It is not the act of "breaking into" or "interfering" or "tampering with" a ditch, or the "lowering of water boxes and take-outs," or the placing of new water boxes that constitutes a crime under this statute.  These acts constitute but a preliminary part of the statutory offense.  To complete the offense, a conjunctive act must be alleged, namely, removal of the designated substances or elements, the property of another.

It is unnecessary to cite authorities in support of what has been declared numerous times by this court as applicable to criminal pleading, that a crime is sufficiently alleged when it substantially follows the language of the statute.  The statute under which this complaint was instituted creates a misdemeanor in the performance of certain conjunctive acts.  A crime is not established under this statute unless the complaint alleges

these conjunctive acts as performed by the party accused. The complaint in this instance fails to state the most essential fact necessary to constitute an offense under the statute.

The petitioner is discharged, released, and restored to his liberty.

Let the order be entered accordingly.